## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,

v.

No. 3:16-cr-26 (JAM)

ANDREW ORECKINTO,
*Defendant*.

## ORDER DENYING MOTION TO DISMISS THE INDICTMENT

Defendant Andrew Oreckinto moves to dismiss the indictment that charges him with theft of cigarettes from an interstate shipment, in violation of 18 U.S.C. § 659. He contends that the indictment fails to state an offense because the cigarettes were no longer part of an interstate shipment at the time that they were allegedly stolen by him from a warehouse in Connecticut. Because I conclude that defendant's challenge turns on a factual dispute about the scope of the Government's anticipated evidence at trial, I conclude that defendant's challenge is premature, and therefore I will deny the motion to dismiss the indictment.

### BACKGROUND

On February 10, 2016, a federal grand jury returned an indictment against defendant, charging him with theft from an interstate shipment, in violation of 18 U.S.C. § 659. The indictment alleges the following:

> Between approximately March 18 and March 20, 2011, in the District of Connecticut, the defendant ANDREW ORECKINTO did knowingly and intentionally steal and unlawfully take and carry away from a warehouse and storage facility of the New Britain Candy Company in Wethersfield, Connecticut, with the intent to convert to his own use, goods and chattels of a value in excess of $1,000, that is approximately 8,012 cartons of cigarettes, which were moving as, were a part of, and constituted an interstate shipment of freight, express and other property.
> In violation of Title 18, United States Code, Section 659.

Doc. #1 at 1.

The statute at issue reads in relevant part as follows:

> Whoever embezzles, steals, or unlawfully takes, carries away, or conceals, or by fraud or deception obtains from any . . . storage facility . . . or from any . . . warehouse . . . with intent to convert to his own use any goods or chattels moving as or which are a part of or which constitute an interstate or foreign shipment of freight, express, or other property [shall be subject to criminal penalty].

18 U.S.C. § 659. The statute further provides that "[f]or purposes of this section, goods and chattel shall be construed to be moving as an interstate or foreign shipment at all points between the point of origin and the final destination (as evidenced by the waybill or other shipping document of the shipment), regardless of any temporary stop while awaiting transshipment or otherwise." *Ibid.*

Defendant moves to dismiss the indictment on the ground that the cigarettes at issue that were stored at the New Britain Candy Company were allegedly no longer part of an interstate shipment, because they were all destined for dealers based in Connecticut. The Government has filed a response contending in part that its trial evidence will show that some of the cigarettes were destined for shipment to convenience stores in New York, Massachusetts, and New Jersey.

## DISCUSSION

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). An indictment is sufficient if it "'first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *United States v. Stringer*, 730 F.3d 120, 124 (2d Cir. 2013) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)). The indictment need "do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." *United States v. Pirro*, 212 F.3d 86, 91 (2d Cir. 2000).

2

Here, the indictment plainly alleges and tracks each of the elements of the offense of theft

from an interstate shipment, including the jurisdictional element that the stolen items "were

moving as, were a part of, and constituted an interstate shipment." Although defendant argues

that "the indictment fails to describe an offense under federal law," Doc. #24 at 1, he points to no

defect or error in the wording of the indictment. It is clear that defendant's dispute is not with the

adequacy of what the Government alleges in the indictment but with the adequacy of what

defendant anticipates will be the scope of the Government's evidence at trial.

This type of fact-based challenge to an indictment is not ordinarily cognizable. In the

absence of a full proffer of the prosecution's anticipated evidence at trial, it is improper for a trial

court to resolve a pre-trial challenge to the adequacy of the prosecution's proof to sustain the

otherwise well-pleaded allegations of an indictment. *See United States v. Alfonso*, 143 F.3d 772,

776–77 (2d Cir. 1998).

Here, the Government has not made a full proffer of its evidence that would allow the

Court to resolve defendant's challenge in his favor. To the contrary, the Government points to

evidence that it has disclosed to defendant in discovery that it believes will establish the

interstate shipment element of the offense. The Court cannot properly resolve at this time the

parties' dispute about what the evidence will show. If defendant continues to believe after the

presentation of the Government's evidence at trial that this evidence does not suffice to satisfy

the interstate shipment element, then defendant may move at that time for a judgment of acquittal

pursuant to Fed. R. Crim. P. 29.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss the indictment (Doc. #24) is

DENIED.

It is so ordered.

Dated at New Haven this 28th day of November 2016.

/s/ *Jeffrey Alker Meyer*

Jeffrey Alker Meyer
United States District Judge