# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,

    v.

ANDREW ORECKINTO,
    *Defendant*.

No. 3:16-cr-26 (JAM)

## RULING ON MOTION *IN LIMINE*

The Government has charged defendant Andrew Oreckinto with theft of goods from an interstate shipment. The charge arises from the Government's contention that defendant perpetrated a burglary of a warehouse. The Government has moved *in limine* to introduce evidence of certain other burglaries pursuant to Fed. R. Evid. 404(b). *See* Doc. #39. I will grant the motion in part and deny the motion in part.

### BACKGROUND

On February 10, 2016, a federal grand jury returned an indictment charging defendant with theft of cigarettes from an interstate shipment, in violation of 18 U.S.C. § 659. The charge stems from a burglary that occurred on March 19, 2011, at the New Britain Candy warehouse in Wethersfield, Connecticut. According to video evidence that the Government plans to introduce at trial, the perpetrator was a lone intruder wearing dark clothing, gloves, a mask, and a headlamp. The perpetrator allegedly entered through the rear fire door of the warehouse, but at some point ascended to the roof to cut exterior surveillance camera wires. The perpetrator disabled the warehouse's alarm system and phone lines, and injected a superglue-like adhesive into the locks of the building, ostensibly to impede anyone from entering the warehouse while he was there. The surveillance video shows the perpetrator using a cellphone. Ultimately, the

perpetrator made off with thousands of cartons of cigarettes in a stolen truck that was later recovered far away in Stamford, Connecticut.

The evidence offered by the Government to show that the perpetrator was, in fact, the defendant, is purely circumstantial. Although the Government has video of the perpetrator, the video does not show the perpetrator's face. There is no incriminating fingerprint or DNA evidence. There is no confession by defendant or testimony expected from a cooperating witness to identify defendant as the perpetrator. Instead of any of these types of evidence, the Government seeks to establish defendant's identity by means of evidence that includes cellular telephone location data and evidence of other burglaries allegedly committed by defendant elsewhere in New York, Pennsylvania, and Connecticut.

The focus of this ruling is on whether the Government should be permitted to introduce evidence of other burglaries allegedly committed by defendant. Although the Government points to several other burglaries, the most significant one for purposes of this ruling is a burglary that occurred at a Waldbaum's supermarket in Rockville Centre, New York, on December 31, 2010, just a few months before the Wethersfield warehouse burglary that is the focus of this case. For the Waldbaum's burglary, there is no question that defendant was the perpetrator, because he pleaded guilty to the burglary after investigators recovered and identified his DNA from a shirt that surveillance video showed that the masked perpetrator left at the scene.

The Waldbaum's burglary is otherwise similar in several respects to the Wethersfield warehouse burglary. The perpetrator as seen on surveillance video wore dark clothing, gloves, a mask, and a headlamp. The perpetrator also injected a superglue-like adhesive into the locks of the building.

In addition, based on extensive telephone record analysis, the Government will seek to prove that, at the relevant time during each of the two burglaries, the same cell phone (referred to as Target Telephone #2) accessed the cell towers that served the Waldbaum's and the Wethersfield warehouse. It is hard to chalk up this cellphone convergence to mere coincidence, because the Waldbaum's in Rockville Centre is about a two-hour drive away from the Wethersfield warehouse. The Government's contention is that defendant and perhaps an unknown accomplice communicated by disposable cellphones during these burglaries, and the Government has additional cell phone records to support an inference that whomever was using Target Telephone #2 was known to defendant.

Beyond the Waldbaum's burglary, the Government likewise seeks to introduce evidence of three other burglaries, including at the Brian Thomas Candy & Tobacco warehouse in West Hartford, Connecticut, on October 17, 2009; at the Burlington Coat Factory in Stratford, Connecticut, on December 12, 2010; and at the Kmart in East Stroudsburg, Pennsylvania, on December 24, 2010.[1] At all three locations, the perpetrator cut phone lines and entered through the rear door or roof. At two of the locations, the perpetrator injected a glue-like substance into the locks. And at two of the locations, the telephone record analysis likewise shows that Target Telephone #2 was in the area at the time of the incidents. Most significantly, however, for none of these three burglaries does the Government's evidence conclusively show—unlike its evidence relating to the Waldbaum's burglary—that defendant was a perpetrator of the burglary.

### DISCUSSION

For most crimes, the Federal Rules of Evidence do not permit the prosecution to establish a defendant's guilt by evidence that a defendant has a track record or propensity to engage in the

---

[1] The Government's briefing also references other burglaries, but the Court understands from the oral argument of this matter that the Government does not now intend to offer evidence of these incidents.

kind of crime that has been charged. *See* Fed. R. Evid. 404(b)(1) ("Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."). A defendant's track record may well be relevant to his guilt, *see, e.g.*, *Old Chief v. United States*, 519 U.S. 172, 180 (1997), but the concern remains that a jury might convict a defendant because of his prior wrongs even if they think that the evidence of the crime for which defendant is actually now on trial is somewhat suspect or weak. *See, e.g.*, *Michelson v. United States*, 335 U.S. 469, 475–76 (1948). Accordingly, the prosecution is not at liberty to prove that a defendant who is charged with a bank robbery must be guilty simply because he has robbed ten banks before.

Nevertheless, the Federal Rules of Evidence do permit the prosecution to introduce evidence of a defendant's prior wrongs or other acts if the evidence is appropriately relevant to one or more other issues in dispute beyond establishing a defendant's mere character or propensity to engage in wrongdoing. Accordingly, Rule 404(b)(2) provides that so-called "other acts" evidence "may" be admitted to establish "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

The Second Circuit "follows the 'inclusionary' approach, which admits all 'other act' evidence that does not serve the sole purpose of showing the defendant's bad character and that is neither overly prejudicial under Rule 403 nor irrelevant under Rule 402." *United States v. Moran-Toala*, 726 F.3d 334, 345 (2d Cir. 2013). The factors relevant to determining the admissibility of "other act" evidence include whether (1) the evidence is offered for a proper purpose, (2) the evidence is relevant to a disputed issue pursuant to Rule 402, (3) the probative value of the evidence is substantially outweighed by its potential for unfair prejudice pursuant to

Rule 403, and (4) the evidence was admitted in conjunction with an appropriate limiting instruction, if requested. *Ibid.*

Here, I conclude that evidence of the Waldbaum's burglary is offered for a proper purpose, is highly relevant to the issue of defendant's identity as the perpetrator of the Wethersfield warehouse burglary, and that its probative value is not substantially outweighed by its potential for unfair prejudice. The Government seeks to offer evidence of the Waldbaum's burglary in light of several distinctive characteristics that tend to show the use of a *modus operandi* that is very similar to the means used to commit the Wethersfield warehouse burglary. To make its point, the Government intends to introduce side-by-side photographs of the perpetrators in the Waldbaum's burglary and in the Wethersfield burglary:



**Waldbaum's**                          **Wethersfield warehouse**

*See* Court Ex. 1.

These photos will offer the Government a powerful argument that the two perpetrators are indeed the same person in light of the highly similar way in which they are dressed with black-out clothing, masks, and headlamps, not to mention their similar physical stature and profile. Beyond these photographic similarities is one other highly distinctive characteristic of these two burglaries: the use of a super-glue substance at both locations to jam up the entry door

locks. All of these similarities in combination with one another are highly relevant to the core

issue of identity to be tried in this case: whether it was defendant who perpetrated the burglary of

the Wethersfield warehouse.

The probative value of this evidence is not substantially outweighed by the possibility of

unfair prejudice or other confusion. To the extent that this evidence may be damaging to

defendant, it is because it legitimately tends to establish the identity of the perpetrator of the

Wethersfield warehouse burglary. Accordingly, the evidence may indeed prove prejudicial, but

not unfairly so, because it will not be offered to persuade the jury to decide this matter on a

prohibited ground. *See Old Chief*, 519 U.S. at 180. I will reinforce this by means of an

appropriate, anti-propensity limiting instruction upon request to guide the jury's evaluation of

this evidence. Accordingly, I will grant the Government's motion *in limine* to the extent it seeks

to offer evidence of the Waldbaum's burglary and defendant's role in this burglary.

By contrast, I conclude that evidence of any other burglaries may not be admitted at trial.

The key difference between the Government's evidence as to the Waldbaum's burglary and as to

the other burglaries is that substantial questions remain about whether defendant actually

committed the other burglaries.[2] As the Second Circuit has observed, "similar act evidence is

relevant if the jury could reasonably find by a preponderance of the evidence that the act

occurred *and that the defendant committed the act*." *United States v. Ramirez*, 894 F.2d 565, 569

(2d Cir. 1990) (emphasis added). For these other burglaries, the Government's evidence that it

was defendant who committed any of these other burglaries is suggestive but highly contestable.

---

[2] It is true that defendant has also admitted to committing another burglary involving theft of copper from a facility in New Jersey in 2008, but the Government has not suggested any distinctive characteristics of that burglary that would make it appropriately relevant to the Government's proof of the identity of the perpetrator of the Wethersfield warehouse burglary. *See* footnote 1. To the extent that the Government might otherwise offer evidence at trial of non-contraband items seized from defendant during the investigation of any other burglary, Rule 404 would not bar the admission of such items provided that these items were admitted without reference to any other crimes or bad acts of defendant.

*See United States v. Barret*, 2011 WL 6935500, at *5 (E.D.N.Y. 2011) (excluding evidence of another robbery where evidence not sufficient to show that defendants were involved). If the Government were permitted to introduce evidence of these other burglaries, then much of the trial would end up focusing on whether defendant committed these uncharged burglaries, rather than on whether defendant committed the burglary of the Wethersfield warehouse for which he is on trial. Therefore, I conclude that any probative value of the evidence of these other burglaries is substantially outweighed by the possibility of unfair prejudice and confusion.

## CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part the Government's motion *in limine* to introduce evidence of other burglaries that have not been charged in this case. The Government's motion is GRANTED to the extent that the Government may introduce evidence of the Waldbaum's burglary, narrowly tailored to those aspects of the burglary that are relevant to the identity of defendant as the perpetrator of the Wethersfield warehouse burglary and subject to a limiting instruction upon request. The Government's motion is otherwise DENIED as to evidence of other burglaries.

It is so ordered.

Dated at New Haven, Connecticut this 13th day of January 2017.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge